**FILED**

**FEBRUARY 4, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CYRIL LATONA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED RESOURCE SYSTEMS, INC., | ) |
| TRANS UNION, LLC; and | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC.; | ) |
| | ) |
| Defendants. | ) |

**08 C 764**

**JUDGE COAR
MAGISTRATE JUDGE VALDEZ**

## COMPLAINT

### INTRODUCTION

1.     Plaintiff Cyril Latona brings this action to secure redress from unlawful credit and collection practices engaged in by defendants United Resource Systems, Inc., Trans Union, LLC and Experian Information Solutions, Inc.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

### VENUE AND JURISDICTION

2.     This Court has subject matter jurisdiction under 28 U.S.C. §§1331 (general federal question), 1337 (interstate commerce) and 1367 (supplemental jurisdiction) and 15 U.S.C. §§1681p (FCRA) and 1692k (FDCPA).

3.     Venue in this District is proper because each defendant is subject to jurisdiction here.

### PARTIES

4.     Plaintiff Cyril Latona is an individual who resides in the Northern District of Illinois.

5.     Defendant United Resource Systems, Inc. ("United") is a corporation with offices at 10075 W. Colfax Ave., Lakewood, CO 80215-3907.

1

6.    Defendant United operates a collection agency.

7.    Defendant United is engaged in the business of using the mail and telephone to collect consumer debts originally owed to others.

8.    Defendant United is a debt collector as defined in the FDCPA.

9.    Defendant United reports debts to credit bureaus for the purpose of facilitating collection of the debts.  Credit reporting is "a powerful tool designed, in part, to wrench compliance with payment terms . . . ." Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993).  Consumers will often pay a debt, even if the debt is disputed, for the sole purpose of clearing their credit.

10.    Defendant TransUnion, LLC ("Trans Union") is a credit reporting agency with its principal place of business located in Chicago.  Its registered agent and office are Prentice Hall Corporation, 33 N. LaSalle St., Chicago, IL 60602.

11.    Defendant Experian Information Solutions, Inc. ("Experian") is a credit reporting agency that does business in Illinois.  Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Chicago, IL 60604.

## FACTS

12.    In April 2000, plaintiff incurred in Colorado a medical debt to Mercy Air Service for personal, family or household purposes, namely, medical care.  The debt was not paid by insurance and plaintiff was unable to pay it personally.

13.    This debt is now:

    a.    Barred by the statute of limitations (5 years in Illinois, 6 years in Colorado) and;

    b.    Too old to be lawfully reported on plaintiff's credit reports (7 years from chargeoff or 7.5 years from first delinquency).

14.    The FCRA, 15 U.S.C. §1681c, provides:

**Requirements relating to information contained in consumer reports**

2

**(a) Information excluded from consumer reports. Except as authorized under subsection (b), no consumer reporting agency may make any consumer report containing any of the following items of information: . . .**

**(4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years.**

**(5) Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years. . . .**

**(c) Running of reporting period.**

**(1) In general. The 7-year period referred to in paragraphs (4) and (6) of subsection (a) shall begin, with respect to any delinquent account that is placed for collection (internally or by referral to a third party, whichever is earlier), charged to profit and loss, or subjected to any similar action, upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action.**

**(2) Effective date. Paragraph (1) shall apply only to items of information added to the file of a consumer on or after the date that is 455 days after the date of enactment of the Consumer Credit Reporting Reform Act of 1996 [enacted Sept. 30, 1996]. . . .**

15.     The creditor initially placed the account for collection with Action Collection Agency.

16.     Action reported the debt to the credit bureaus with the correct 2000 date.

17.     Accordingly, Experian reported in March 2002 that the account was "scheduled to continue on record until 4-2007." (Exhibit A)

18.     The account was then placed for collection with United.

19.     United altered the chargeoff date by about five years, and reported the false information to Experian and Trans Union.

20.     In August 2007, after the expiration of the period for which the debt could be lawfully reported, Experian was still reporting the debt, with the statement that "This account is scheduled to continue on record until Dec. 2012." (Exhibit B)

21.     In July 2007 plaintiff wrote to Experian complaining of the continued reporting of this obsolete information. (Exhibit C)

3

22.     Experian responded on July 13, 2007 (Exhibit D) and stated that "we were not able to use" the information supplied and were "contacting the source of the information you questioned."

23.     By correspondence of July 28, 2007 (Exhibit E), Experian reported that it had completed such investigation and that the information would remain on plaintiff's report.

24.     On information and belief, Experian did not check its prior reporting of the same debt, which would have revealed that it was too old to remain on plaintiff's report.

25.     Plaintiff also found the false information on his Trans Union report (Exhibit F), which has been reporting the debt with the "estimated date that this item will be removed" being Feb. 2013.

26.     Plaintiff complained about the information to Trans Union (Exhibit G).

27.     Trans Union similarly responded that "We are unable to accept the documentation you sent" but will contact the furnisher of the information.  (Exhibit H)

28.     Trans Union, after investigating the dispute, verified the information without change (Exhibit I).

29.     On information and belief, Experian and Trans Union did in fact contact United.

30.     On information and belief, United wilfully or negligently responded to the inquiries of Experian and Trans Union  with false information about the date of the debt.

31.     Plaintiff was damaged by the false credit reporting and the false responses to the credit bureaus.

32.     The false reporting continued into 2008.

## COUNT I -- FDCPA

33.     Plaintiff incorporates paragraphs 1-31.

34.     This claim is against United.

35.     Defendant United  violated 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(8),

and 1692e(10) with respect to plaintiff by misrepresenting the date of the debt at issue to

TransUnion and Experian.

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section....**
>
> > **(2)    The false representation of--**
> >
> > > **(A)    the character, amount, or legal status of any debt; . . .**
> >
> > **(8)    Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**
> >
> > **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of

plaintiff and against United for:

> (1)    Statutory and actual damages;
>
> (2)    Attorney's fees, litigation expenses and costs of suit.
>
> (3)    Such other or further relief as is appropriate.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

36.    Plaintiff incorporates paragraphs 1-31.

37.    This claim is against United.

38.    Defendant United is a collection agency as defined in the Illinois

Collection Agency Act, 225 ILCS 425/1 et seq.

39.    Defendant United violated the following provisions of 225 ILCS 425/9:

> **. . . (13) Disclosing or threatening to disclose information adversely affecting a debtor's reputation for credit worthiness with knowledge the information is false.**
>
> **. . . (17) Disclosing or threatening to disclose information relating to a debtor's indebtedness to any other person except where such other person has a legitimate business need for the information or except where such disclosure is regulated by law.**

**. . . (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.**

40.    Plaintiff was damaged as a result.

41.    United's actions were malicious.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant United:

        a.    Compensatory and punitive damages;

        b.    Costs.

        c.    Such other and further relief as is appropriate.

## COUNT III – FCRA CLAIM AGAINST TRANS UNION

42.    Plaintiff incorporates ¶¶ 1-31.

43.    This claim is against Trans Union.

44.    Under the Fair Credit Reporting Act, 15 U.S.C. §1681i, Trans Union is required to conduct a reasonable investigation if a consumer such as plaintiff disputes the accuracy of an item on his credit report. Section 1681i provides:

**§1681i. Procedure in case of disputed accuracy**

**(a) Reinvestigations of disputed information.**

    **(1) Reinvestigation required.**

        **(A) In general. If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.**

        **(B) Extension of period to reinvestigate. Except as provided in subparagraph (C), the 30-day period described in subparagraph (A) may be extended for not more than 15 additional days if the consumer reporting agency receives information from the consumer during that 30-day period that is relevant to the reinvestigation.**

        **(C) Limitations on extension of period to reinvestigate. Subparagraph (B)shall not apply to any reinvestigation in which,**

during the 30-day period described in subparagraph (A), the information that is the subject of the reinvestigation is found to be inaccurate or incomplete or the consumer reporting agency determines that the information cannot be verified.

(2) Prompt notice of dispute to furnisher of information.

(A) In general. Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer.

(B) Provision of other information from consumer. The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A). ...

(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

(5) Treatment of inaccurate or unverifiable information.

(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. ...

45.     Trans Union willfully or negligently:

a.     Failed to take reasonable measures to investigate plaintiff's

dispute;

b.     Failed to correct plaintiff's credit report.

46.     TransUnion violated 15 U.S.C. §1681n and/or §1681o.

47.     Section 1681n provides:

§1681n.  Civil liability for willful noncompliance

(a) In general.  Any person who willfully fails to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of–

    (1)

        (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or

    (2) such amount of punitive damages as the court may allow; and

    (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .

48.    Section 1681o provides:

§1681o.  Civil liability for negligent noncompliance

(a) In general.  Any person who is negligent in failing to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of–

    (1) any actual damages sustained by the consumer as a result of the failure;

    (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

49.    Section 1681p provides:

§ 1681p.  Jurisdiction of courts; limitation of actions

An action to enforce any liability created under this title [15 USCS §§ 1681 et seq.] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of--

    (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or

    (2) 5 years after the date on which the violation that is the basis for such liability occurs.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against Trans Union for:

    (1)    Appropriate actual, punitive and statutory damages;

8

(2)    Attorney's fees, litigation expenses and costs of suit;

(3)    Such other or further relief as the Court deems proper.

## COUNT IV – FCRA CLAIM AGAINST EXPERIAN

50.    Plaintiff incorporates ¶¶1-31.

51.    This claim is against Experian.

52.    Under the Fair Credit Reporting Act, 15 U.S.C. §1681i, Experian is required to conduct a reasonable investigation if a consumer such as plaintiff disputes the accuracy of an item on his credit report.

53.    Experian willfully or negligently:

a.    Failed to take reasonable measures to investigate plaintiff's dispute;

b.    Failed to correct plaintiff's credit report.

54.    Experian violated 15 U.S.C. §1681n and/or §1681o.

55.    Plaintiff is entitled to bring suit under 15 U.S.C. §1681p.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against Experian for:

(1)    Appropriate actual, punitive and statutory damages;

(2)    Attorney's fees, litigation expenses and costs of suit;

(3)    Such other or further relief as the Court deems proper.

## COUNT V – FCRA CLAIM AGAINST UNITED

56.    Plaintiff incorporates ¶¶1-31.

57.    This claim is against United.

58.    United violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by providing false information to Experian and Trans Union when they contacted United to investigate plaintiff's complaints.

59.    Section 1681s-2(b) provides:

**(b) Duties of furnishers of information upon notice of dispute.**

> **(1) In general.** After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
>
>> **(A)** conduct an investigation with respect to the disputed information;
>>
>> **(B)** review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];
>>
>> **(C)** report the results of the investigation to the consumer reporting agency; and
>>
>> **(D)** if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.
>
> **(2) Deadline.** A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

60.    United committed such violations willfully or negligently, thereby violating 15 U.S.C. §1681n and/or §1681o.

61.    Plaintiff is entitled to bring suit under 15 U.S.C. §1681p.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against United for:

(1)    Appropriate actual, punitive and statutory damages;

(2)    Attorney's fees, litigation expenses and costs of suit;

(3)    Such other or further relief as the Court deems proper.

<u>s/ Daniel A. Edelman</u>

Daniel A. Edelman

10

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

### **JURY DEMAND**

    Plaintiff demands trial by jury.

<u> s/ Daniel A. Edelman </u>

Daniel A. Edelman

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

<u>  s/ Daniel A. Edelman  </u>

Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

t:\20238\pleading\complaint_pleading.wpd

12

**<u>EXHIBIT A</u>**

FROM :                          FAX NO. :                   Jan. 01 1999 12:09AM  P3

# experian

Report date
March 30, 2002
www.experian.com/consumer    **Page 3 of 8**
Call 800-583-4080

Prepared for
CRYSTAL TONA
Report number
1121795 1805

## Credit Items

| Source/ Account number (except last few digits) | Date opened/ Reported since | Date of status/ Last reported | Type/ Terms/ Monthly payment | Responsibility | Credit limit or original amount/ High balance | Recent balance/ Recent payment | Status Details |
|---|---|---|---|---|---|---|---|
| 2- **ACTION COLLECTION AGENCY** 3881 VAN BUREN BLVD RIVERSIDE CA 92503 | 11-2000/ 1-2002 | 1-2002/ 1-2002 | Installment/ NA/ $0 | Individual | $12,772 / NA | $14,934 as of 1-2002/ | Status: Collection account. $14,934 past due as of 1-2002. Account history: Collection as of 1-2002 This account is scheduled to continue on record until 4-2007. This item was verified on 3-2002 and remained unchanged. |
| Original creditor: MERCY AIR/C.C.A. | | | | | | | |
| 3- **FRONTIER SYSTEM, INC** PO BOX 1358 ROOSEVELT UT 84066 1067... | 2-2001/ 5-2001 | 5-2001/ 5-2001 | Installment/ 1 Months/ $0 | Individual | $75 / NA | $75 as of 5-2001/ | Status: Collection account. $75 past due as of 5-2001. Account history: Collection as of 5-2001 This account is scheduled to continue on record until 4-2007. This item was verified on 3-2002 and remained unchanged. |
| Original creditor: KANE COUNTY HOSPITAL | | | | | | | |
| 4- **FRONTIER SYSTEM, INC** 1067... | 2-2001/ 5-2001 | 5-2001/ 5-2001 | Installment/ 1 Months/ $0 | Individual | $2,879 / NA | $2,879 as of 5-2001/ | Status: Collection account. $2,879 past due as of 5-2001. Account history: Collection as of 5-2001 This account is scheduled to continue on record until 4-2007. |
| Original creditor: KANE COUNTY HOSPITAL | | | | | | | |

**<u>EXHIBIT B</u>**

## experian

☒ Close window

**Online Personal Credit Report from Experian for**

Experian credit report prepared for
**CYRIL LATONA**
Your report number is
**4185249207**
Report date:
**08/09/2007**

**Index:**
- Potentially negative items
- Accounts in good standing
- Requests for your credit history
- Personal information
- Your personal statement(s)
- Important message from Experian
- Contact us
- Know your rights

Experian collects and organizes information about you and your credit history from public records, your creditors and other reliable sources. Experian makes your credit history available to your current and prospective creditors, employers and others as allowed by law, which can expedite your ability to obtain credit and can make offers of credit available to you. We do not grant or deny credit; each credit grantor makes that decision based on its own guidelines.

To return to your report in the near future, log on to www.experian.com/consumer and select "View your report again" or "Dispute" and then enter your report number.

If you disagree with information in this report, return to the Report Summary page and follow the instructions for disputing.

## Potentially Negative Items

back to top

### Credit Items

For your protection, the last few digits of your account numbers do not display.

**UNITED RESOURCE SYSTEMS**
Address:                           Account Number:          Original Creditor:
10075 W COLFAX AVE                 ████████████             MERCY AIR SERVICE 2
LAKEWOOD, CO 80215
No phone number available
Status: Collection account. $19,677 past due as of Feb 2007.     Status Details: This account is scheduled to continue on record until Dec 2012.
                                                                 This item was verified on Jul 2007 and remained unchanged.

| | | |
|---|---|---|
| Date Opened: | Type: | Credit Limit/Original Amount: |
| 05/2006 | Collection | $12,772 |
| Reported Since: | Terms: | High Balance: |
| 02/2007 | 1 Months | NA |
| Date of Status: | Monthly Payment: | Recent Balance: |
| 02/2007 | $0 | $19,677 as of 02/2007 |
| Last Reported: | Responsibility: | Recent Payment: |
| 02/2007 | Individual | $0 |

Account History:
Collection as of Feb 2007

## Accounts in Good Standing

back to top

**CITI**
Address:                           Account Number:
PO BOX 6241                        ████████████
SIOUX FALLS, SD 57117
No phone number available
Status: Open/Never late.

| | | |
|---|---|---|
| Date Opened: | Type: | Credit Limit/Original Amount: |
| 10/1991 | Revolving | $4,440 |
| Reported Since: | Terms: | High Balance: |

**EXHIBIT C**

FROM :                          FAX NO. :                    Jan. 01 1999 12:09AM  P2

Experian                                      7/03/07
701 Experian Parkway
P.O. Box 2002
Allen, TX. 75013

Name:            Cyril Latona
Social Security#  ▇▇▇▇▇▇▇
Date of Birth      11/24/1938
Current Address   8120 Lake Ridge Dr.
                  Burr Ridge, Il. 60527

Please consider this letter as notification that Experian credit reporting agency and/or
United Resource Systems collection agency are in violation of the "Fair Credit Reporting
Act".

In accordance with the aforementioned FCRA, (specifically Title VI, Section 605,
Subsection a, Paragraphs 4 and 5) adverse information, including accounts placed for
collection, cannot be reported that are more then seven years old.
The entry in violation of this law is the following:

                  United Resource Systems
                  10075 W. Colfax Ave.
                  Lakewood, Co. 80215
                  Acct#▇▇▇▇▇▇▇
                  Original creditor – Mercy Air Services

As proof of this violation I am providing the following two documents;
      1)  A copy of Experian credit report #1127951805 dated March 30, 2002.
          This report clearly shows that this account was originally reported by Action
          Collection Agency for Mercy Air and scheduled to be on record only until
          April of 2007.
      2)  Invoice for this account clearly indicating its age.

It would appear that an attempt to circumvent the law took place by switching collection
agency after six years had elapsed.
                                          To
This is not a request to verify, it is a demand remove.
                                          ^

Thanking you in advance,

_Cyril Latona_

MERCY AIR SERVICES, INC DBA
CLARK COUNTY AIRLIFE
P.O. BOX 2532
FONTANA, CA 92334-2532
(877) 686-4459

# STATEMENT

### NOTE
### IMPORTANT INSURANCE
### INFORMATION ON
### REVERSE SIDE

| TICKET NO: | DATE: | PAY PLAN |
|---|---|---|
| C0044733F | 05/03/00 | 01 |

BILL TO

CYRIL LATONA

PATIENT    CYRIL LATONA

| DATE | DESCRIPTION OF SERVICE | | CODE | CHARGES |
|---|---|---|---|---|
| | MERCY COUNTY HOSP 355 W MAIN STREET KANAB, UT | | | |
| 04/30/00 | COLUMBIA SUNRISE 3186 S MARYLAND PKWY LAS VEGAS, NV | | 30D | 3325.00 |
| 04/30/00 | AIR TRANSPORT | | 32D | 9384.00 |
| 04/30/00 | AIR AMB/MILEAGE    136.0    69.00 | | 32D | 9384.00 |
| 04/30/00 | OXYGEN | | 72D | 35.00 |
| 04/30/00 | IV SOLUTION 1000CC | | 77D | 28.00 |

PLEASE PROVIDE US WITH YOUR INSURANCE INFORMATION.

| AMOUNT DUE ➡ | 12772.00 |
|---|---|

TERMS    A CHARGE OF 1½% PER MONTH APPLIED
TO ALL PAST DUE ACCOUNTS (18% PER ANNUM).

---

**RETURN THIS PART WITH YOUR REMITTANCE**

| TICKET NO: | DATE: |
|---|---|
| C0044733F | 05/03/00 |

LATONA
CYRIL

To Insure Credit To Your Account
Tear As Perforation &
Return With Your Remittance

| TERM ITEM | DATE | CODE | CHARGES |
|---|---|---|---|
| | | 30D | 3325.00 |
| | | 32D | 9384.00 |
| | | 72D | 35.00 |
| | | 77D | 28.00 |

| PAY THIS AMOUNT ➡ | 12772.00 |
|---|---|

---

FROM :                    FAX NO. :                    Jan. 01 1999 12:10AM  P4

**EXHIBIT D**

# experian

**Prepared for:**
CYRIL LATONA Jr.
**Report number**
1372366810

**Report date**
July 13,2007
www.experian.com/disputes
Call 800 509 8495

**Page 1 of 2**

Dear CYRIL LATONA Jr,

We are responding to the information you sent us. Upon careful review of your information, we determined that we were not able to use it. We are contacting the source of the information you questioned. When we complete our verification process, which may take up to 30 days or up to 45 days for an investigation of information in an annual free credit report, we will send you the results.

Sincerely,

Experian
NCAC
PO BOX 9701
Allen TX 75013

0039960678   514 21244 010110

MIXED AADC 683
002I644 1 MB 0.360 L S14
CYRIL LATONA Jr

**EXHIBIT E**

# experian

**Prepared for**
CYRIL LATONA Jr
**Report number**
1372566810

**Report date**
July 28, 2007

www.experian.com/disputes    Page 1 of 2

## Investigation results

### About our dispute verification process

This summary shows the revision(s) made to your credit file as a result of the verification we recently completed. If you still question an item, then you may want to contact the source of the information.

The federal Fair Credit Reporting Act states that you may:

- request a description of how we verified the information, including the business name and address contacted and the telephone number if reasonably available;
- add a statement disputing the accuracy or completeness of the information; and
- request that we send these results to organizations who have reviewed your credit report in the past two years for employment purposes or six months for any other purpose.

If no information follows, our response appeared on the previous page.

### How to read your results

**Deleted** - This item was removed from your credit report

**Remains** - This item has been verified as accurate

**Updated** - A change was made to this item; review this report to view the change. If ownership of the item was disputed, then it was verified as belonging to you.

**Reviewed** - This item was either updated or deleted; review this report to learn its outcome

### Items we investigated

We completed investigating the items you disputed with the sources of the information. Here are the results:

| Credit Items | Outcome |
|---|---|
| UNITED RESOURCE SYSTEM | Remains |
| D8160... | |

Visit experian.com/status to check the status of your pending disputes at any time

### Additional information

To view a full copy of your corrected credit report, visit experian.com/viewreport.

☐ To receive a copy by mail, check this box and within 30 days return this original page to Experian, P.O. Box 9701, Allen, TX 75013. Copies will not be accepted.

**To order a copy of your VantageScore℠ from Experian visit experian.com or call 1 888 322 5583.**

**Protect and manage your credit with Credit Manager,** www.creditexpert.com

By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e., "Cancer Center") that reports your payment history to us. If so, those names display in your report, but in reports to others they display only as MEDICAL PAYMENT DATA. Consumer statements included on your report at your request that contain medical information are disclosed to others.

0019960067A

CYRIL LATONA Jr
001 3698 1 MB 3,3601.543
*********MIXED AADC 683

**EXHIBIT F**

FROM :                          FAX NO. :                    Jan. 01 1999 12:02AM  P3

File Number:       171886745
Page:              1 of 5
Date Issued:       08/02/2007                    TransUnion.

## Personal Information

Name:         CYRIL F. LATONA JR.

SSN:
Date of Birth:
Telephone:
Your SSN is partially masked for your protection.

You have been on our files since 01/1970

### CURRENT ADDRESS

Address:

Date Reported:    04/2001

### PREVIOUS ADDRESS

Address:

Date Reported:    11/2000

Address:

## EMPLOYMENT DATA REPORTED

| | | |
|---|---|---|
| Employer Name: | Position: | |
| Location: | CHICAGO, IL | Hired: |
| Date Reported: | 07/1993 | |
| Employer Name: | Position: | SECRETARY |
| Location: | OAK PARK, IL | Hired: |
| Date Reported: | 05/1984 | |
| Employer Name: | Position: | |
| Location: | ROLLINGMDWS, IL | Hired: |
| Date Reported: | 04/1974 | |

Special Note: Your Social Security number has been masked for your protection. You may request disclosure of the full number by writing to us at the address found at the end of this report. Also, if any item on your credit report begins with "MED1", it includes medical information and the data following "MED1" is not displayed to anyone but you except where permitted by law.

## Account Information

The key to the right helps explain the payment history information contained in some of the accounts below. Not all accounts will contain payment history information, but some creditors report how you make payments each month in relation to your agreement with them.

| N/A | X | OK | 30 | 60 | 90 | 120 |
|---|---|---|---|---|---|---|
| Not Applicable | Unknown | Current | 30 days late | 60 days late | 90 days late | 120 days late |

## Adverse Accounts

The following accounts contain information which some creditors may consider to be adverse. Adverse account information may generally be reported for 7 years from the date of the first delinquency, depending on your state of residence. The adverse information in these accounts has been pointed in [brackets] or is shaded for your convenience, to help you understand your report. They are not bracketed or shaded this way for creditors. (Note: The account # may be scrambled by the creditor for your protection.)

**UNITED RESOURCE SYSTEMS** #D816029N1
10075 W COLFAX AVE
LAKEWOOD, CO 80215-3907
(303) 205-0152

Loan Type: COLLECTION AGENCY/ATTORNEY
Remarks: >PLACED FOR COLLECTION<
Date placed for collection: 05/2006
Estimated date that this item will be removed: 02/2013

Balance:            $19,677
Date Verified:      01/2007
Original Amount:    $12,772
Original Creditor:  MED1 02 MERCY AIR SERVICE 2
Past Due:           >$19,677<

Pay Status:         >COLLECTION ACCOUNT<
Account Type:       OPEN ACCOUNT
Responsibility:     INDIVIDUAL ACCOUNT

**EXHIBIT G**

FROM :                          FAX NO. :                    Jan. 01 1999 12:35AM  P2

Transunion                                          7/03/07
P.O. Box 4000
Chester, PA. 19022

Name:            Cyril Latona
Social Security#
Date of Birth
Current Address



Please consider this letter as notification that Transunion credit reporting agency and/or
United Resource Systems collection agency are in violation of the "Fair Credit Reporting
Act".

In accordance with the aforementioned FCRA, (specifically Title VI, Section 605,
Subsection a, Paragraphs 4 and 5) adverse information, including accounts placed for
collection, cannot be reported that are more then seven years old.
The entry in violation of this law is the following:

> United Resource Systems
> 10075 W. Colfax Ave.
> Lakewood, Co. 80215
> Acct# ████████
> Original creditor – Mercy Air Services

As proof of this violation I am providing the following two documents;
1) A copy of Experian credit report #1127951805 dated March 30, 2002.
   This report clearly shows that this account was originally reported by Action
   Collection Agency for Mercy Air and scheduled to be on record only until
   April of 2007.
2) Invoice for this account clearly indicating its age.

It would appear that an attempt to circumvent the law took place by switching collection
agency after six years had elapsed.

This is not a request to verify, it is a demand to remove.

Thanking you in advance,

Cyril Latona

**EXHIBIT H**

FROM :                          FAX NO. :                      Jan. 01 1999 12:36AM  P3

```
*** 171886745-012 ***
P.O. BOX 2000
Chester, PA 19022-2000
```

TransUnion.

JULY 09, 2007                              #FILE NUMBER 171886745

```
00002827
CYRIL F LATONA JR
```

Thank you for contacting TransUnion. Our goal is to maintain
complete and accurate information on consumer credit reports. We
have provided the information below in response to your request.

Re: Dispute Status:UR#D816xxxx.

We are unable to accept the documentation you sent. However,
TransUnion will contact the source of the disputed information
to advise them of your dispute. We will ask them to verify the
accuracy of the reported information. When the investigation is
completed, you will receive written response and/or a copy of
your updated credit report to notify you of the results.

If you have any additional questions or concerns, please contact
TransUnion at the address shown below, or visit us on the web at
www.transunion.com for general information. When contacting our
office, please provide your current file number 171886745.

```
P.O. BOX 2000
CHESTER, PA 19022-2000
```

PAGE 01

00002827  1/1

**EXHIBIT I**

FROM :                                         FAX NO. :                          Jan. 01 1999 12:36AM  P4

*** 171886745-013 ***
P.O. Box 2000
Chester, PA 19022

08/02/2007    TransUnion.

P0C2LZ00200200767-I005327
CYRIL F. LATONA JR.

▉▉▉▉▉▉▉▉▉▉

Our investigation of the dispute you submitted is now complete. The results are listed below and a new copy of your credit report is enclosed.

If our investigation has not resolved your dispute, you may add a 100-word statement to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to TransUnion including this information in every credit report we issue about you.

If there has been a change to your credit history resulting from our investigation, or if you add a consumer statement, you may request that TransUnion send an updated report to those who received your report within the last two years for employment purposes, or within the last one year for any other purpose.

If interested, you may also request a description of how the investigation was conducted along with the name, address and telephone number of anyone we contacted for information.

Thank you for helping ensure the accuracy of your credit information.

## Investigation Results

| ITEM | DESCRIPTION | RESULTS |
|---|---|---|
| UNITED RESOURCE SYSTEMS | # D816028N1 | VERIFIED, NO CHANGE |

Any corrections to your identification requested by you have been made, and are included in the following credit report.