**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CYRIL LATONA,<br><br>                Plaintiff,<br><br>vs.<br><br>UNITED RESOURCE SYSTEMS, INC.,<br>TRANS UNION, LLC; and<br>EXPERIAN INFORMATION<br>      SOLUTIONS, INC.,<br><br>                Defendants. | Civil Action No. 08-C-764<br><br>Judge Coar<br><br>Mag. Judge Valdez |

**EXPERIAN INFORMATION SOLUTIONS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

        For its answer to the Complaint, defendant Experian Information Solutions, Inc. ("Experian") states as follows:

**INTRODUCTION**

        1.     Plaintiff Cyril Latona brings this action to secure redress from unlawful credit and collection practices engaged in by defendants United Resource Systems, Inc., Trans Union, LLC and Experian Information Solutions, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

**ANSWER:**    Experian admits that Plaintiff purports to bring a claim against Experian under the Fair Credit Reporting Act ("FCRA"). Experian denies that Plaintiff is entitled to any of the relief requested from Experian. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation in this paragraph.

## VENUE AND JURISDICTION

2. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 (general federal question), 1337 (interstate commerce) and 1367 (supplemental jurisdiction) and 15 U.S.C. §§1681p (FCRA) and 1692k (FDCPA).

**ANSWER:** Experian admits the allegations in this paragraph, to the extent such allegations relate to the claim directed at Experian. Experian is without information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, to the extent they are directed at claims brought by Plaintiff against parties other than Experian.

3. Venue in this District is proper because each defendant is subject to jurisdiction here.

**ANSWER:** Experian admits only that it is qualified to do business and does conduct business in the State of Illinois. Experian is without information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, to the extent they are directed at parties other than Experian.

## PARTIES

4. Plaintiff Cyril Latona is an individual who resides in the Northern District of Illinois.

**ANSWER:** Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. Defendant United Resource Systems, Inc. ("United") is a corporation with offices at 10075 W. Colfax Ave., Lakewood, CO 80215-3907.

**ANSWER:** Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

6. Defendant United operates a collection agency.

**ANSWER:** Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

    7. Defendant United is engaged in the business of using the mail and telephone to collect consumer debts originally owed to others.

**ANSWER:** Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

    8. Defendant United is a debt collector as defined in the FDCPA.

**ANSWER:** Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

    9. Defendant United reports debts to credit bureaus for the purpose of facilitating collection of the debts. Credit reporting is "a powerful tool designed, in part, to wrench compliance with payment terms . . . ." Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993). Consumers will often pay a debt, even if the debt is disputed, for the sole purpose of clearing their credit.

**ANSWER:** Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

    10. Defendant TransUnion, LLC ("Trans Union") is a credit reporting agency with its principal place of business located in Chicago. Its registered agent and office are Prentice Hall Corporation, 33 N. LaSalle St., Chicago, IL 60602.

**ANSWER:** Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

    11. Defendant Experian Information Solutions, Inc. ("Experian") is a credit reporting agency that does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Chicago, IL 60604.

**ANSWER:** Experian admits that it is an Ohio corporation, and is qualified to do business and does conduct business in the State of Illinois. Experian further admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681(d). Experian further admits that CT Corporation System is its registered agent for service of process in Chicago, Illinois. Except as specifically admitted,

Experian denies, generally and specifically, each and every remaining allegation in this paragraph.

## FACTS

12. In April 2000, plaintiff incurred in Colorado a medical debt to Mercy Air Service for personal, family or household purposes, namely, medical care. The debt was not paid by insurance and plaintiff was unable to pay it personally.

**ANSWER:** Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. This debt is now:

    a. Barred by the statute of limitations (5 years in Illinois, 6 years in Colorado) and;

    b. Too old to be lawfully reported on plaintiff's credit reports (7 years from chargeoff or 7.5 years from first delinquency).

**ANSWER:** The allegations of this paragraph, including all sub-parts thereof, state legal conclusions or arguments, and accordingly, are not subject to admission or denial. To the extent that a response is required, Experian denies, generally and specifically, the allegations set forth in this paragraph.

14. The FCRA, 15 U.S.C. §1681c, provides:

**Requirements relating to information contained in consumer reports**

**(a) Information excluded from consumer reports. Except as authorized under subsection (b), no consumer reporting agency may make any consumer report containing any of the following items of information: . . .**

    **(4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years.**

    **(5) Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years. . . .**

**(c) Running of reporting period.**

> **(1) In general.  The 7-year period referred to in paragraphs (4) and (6) of subsection (a) shall begin, with respect to any delinquent account that is placed for collection (internally or by referral to a third party, whichever is earlier), charged to profit and loss, or subjected to any similar action, upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action.**
>
> **(2) Effective date.  Paragraph (1) shall apply only to items of information added to the file of a consumer on or after the date that is 455 days after the date of enactment of the Consumer Credit Reporting Reform Act of 1996 [enacted Sept. 30, 1996].**
> **. . .**

**ANSWER:** Experian admits that the allegations contained in this paragraph appear to set forth a portion of the federal Fair Credit Reporting Act.  Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of this paragraph inconsistent therewith.

15.    The creditor initially placed the account for collection with Action Collection Agency.

**ANSWER:** Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16.    Action reported the debt to the credit bureaus with the correct 2000 date.

**ANSWER:** Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17.    Accordingly, Experian reported in March 2002 that the account was "scheduled to continue on record until 4-2007."  (Exhibit A)

**ANSWER:** Experian admits that Exhibit A purports to be an excerpt from a March 2002 consumer disclosure.  Experian affirmatively states that said disclosure speaks for itself and, on that basis, denies any allegations of this paragraph inconsistent therewith.  Except as specifically

admitted or denied, Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18. The account was then placed for collection with United.

**ANSWER:** Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19. United altered the chargeoff date by about five years, and reported the false information to Experian and Trans Union.

**ANSWER:** Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. In August 2007, after the expiration of the period for which the debt could be lawfully reported, Experian was still reporting the debt, with the statement that "This account is scheduled to continue on record until Dec. 2012." (Exhibit B)

**ANSWER:** Experian admits that Exhibit B purports to be an excerpt from an August 2007 Online Personal Credit Report for Plaintiff. Experian affirmatively states that said report speaks for itself and, on that basis, denies any allegations of this paragraph inconsistent therewith. The allegation that August 2007 was "after the expiration of the period for which the debt could be lawfully reported" states a legal conclusion or argument, and accordingly, is not subject to admission or denial. To the extent that a response is required, Experian denies that August 2007 was "after the expiration of the period for which the debt could be lawfully reported." Except as specifically admitted or denied, Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21. In July 2007 plaintiff wrote to Experian complaining of the continued reporting of this obsolete information. (Exhibit C)

**ANSWER:** Experian admits that Exhibit C purports to be a July 2007 letter from Plaintiff to Experian. Experian affirmatively states that said letter speaks for itself and, on that basis, denies any allegations of this paragraph inconsistent therewith. The allegation that the account

- 6 -

referenced in Plaintiffs' letter was "obsolete information" states a legal conclusion or argument, and accordingly, is not subject to admission or denial.  To the extent that a response is required, Experian denies that such account was "obsolete information."  Except as specifically admitted or denied, Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

22.    Experian responded on July 13, 2007 (<u>Exhibit D</u>) and stated that "we were not able to use" the information supplied and were "contacting the source of the information you questioned."

**ANSWER:**    Experian admits that Exhibit D purports to be an excerpt from July 13, 2007 correspondence from Experian to Plaintiff.  Experian affirmatively states that said correspondence speaks for itself and, on that basis, denies any allegations of this paragraph inconsistent therewith.  Except as specifically admitted or denied, Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

23.    By correspondence of July 28, 2007 (<u>Exhibit E</u>), Experian reported that it had completed such investigation and that the information would remain on plaintiff's report.

**ANSWER:**    Experian admits that Exhibit E purports to be an excerpt from Investigation Results from Experian.  Experian affirmatively states that said results speak for themselves and, on that basis, denies any allegations of this paragraph inconsistent therewith.  Except as specifically admitted or denied, Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24.    On information and belief, Experian did not check its prior reporting of the same debt, which would have revealed that it was too old to remain on plaintiff's report.

**ANSWER:**    Experian denies, generally and specifically, the allegation that "its prior reporting" "would have revealed that [the debt] was too old to remain on plaintiff's report."

Experian is without information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

25.     Plaintiff also found the false information on his Trans Union report (Exhibit F), which has been reporting the debt with the "estimated date that this item will be removed" being Feb. 2013.

**ANSWER:**     The allegations contained in this paragraph pertain to a party other than Experian and therefore do not require a response from Experian.  To the extent that a response is necessary, Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further affirmatively states that the Exhibits attached to Plaintiff's Complaint speaks for themselves.

26.     Plaintiff complained about the information to Trans Union (Exhibit G).

**ANSWER:**     The allegations contained in this paragraph pertain to a party other than Experian and therefore do not require a response from Experian.  To the extent that a response is necessary, Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further affirmatively states that the Exhibits attached to Plaintiff's Complaint speaks for themselves.

27.     Trans Union similarly responded that "We are unable to accept the documentation you sent" but will contact the furnisher of the information.  (Exhibit H)

**ANSWER:**     The allegations contained in this paragraph pertain to a party other than Experian and therefore do not require a response from Experian.  To the extent that a response is necessary, Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further affirmatively states that the Exhibits attached to Plaintiff's Complaint speaks for themselves.

28.     Trans Union, after investigating the dispute, verified the information without change (Exhibit I).

**ANSWER:**     The allegations contained in this paragraph pertain to a party other than Experian and therefore do not require a response from Experian.  To the extent that a response is necessary, Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and further affirmatively states that the Exhibits attached to Plaintiff's Complaint speaks for themselves.

29.     On information and belief, Experian and Trans Union did in fact contact United.

**ANSWER:**     Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph directed at Experian.  To the extent the allegations in this paragraph pertain to a party other than Experian, such allegations do not require a response from Experian.  To the extent that a response to such allegations is necessary, Experian is without information sufficient to form a belief as to the truth of the allegations of this paragraph directed at parties other than Experian.

30.     On information and belief, United wilfully or negligently responded to the inquiries of Experian and Trans Union with false information about the date of the debt.

**ANSWER:**     Experian is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

31.     Plaintiff was damaged by the false credit reporting and the false responses to the credit bureaus.

**ANSWER:**     Experian denies, generally and specifically, each and every allegation in this paragraph directed at Experian.  To the extent the allegations in this paragraph pertain to a party other than Experian, such allegations do not require a response from Experian.  To the extent that a response to such allegations is necessary, Experian is without information sufficient to form a belief as to the truth of the allegations of this paragraph directed at parties other than Experian.

      32.      The false reporting continued into 2008.

**ANSWER:** Experian denies, generally and specifically, that any reporting referenced in this Complaint was "false." Experian is without information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## COUNT I
## VIOLATIONS OF FDCPA V. UNITED RESOURCE SYSTEMS, INC.

**ANSWER:** The allegations contained in Paragraphs 33 through 35 of Count I pertain to a party other than Experian and therefore do not require a response from Experian. To the extent that a response is necessary, Experian is without information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 33 through 35 of Count I.

## COUNT II
## ILLINOIS COLLECTION AGENCY ACT

**ANSWER:** The allegations contained in Paragraphs 36 through 41 of Count II pertain to a party other than Experian and therefore do not require a response from Experian. To the extent that a response is necessary, Experian is without information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 36 through 41 of Count II.

## COUNT III
## FCRA CLAIM AGAINST TRANS UNION, LLC

**ANSWER:** The allegations contained in Paragraphs 42 through 49 of Count III pertain to a party other than Experian and therefore do not require a response from Experian. To the extent that a response is necessary, Experian is without information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 42 through 49 of Count III.

## COUNT IV – FCRA CLAIM AGAINST EXPERIAN

50.Plaintiff incorporates ¶¶1-31.

**ANSWER:**Experian incorporates its responses to ¶¶ 1-31, as though fully set forth herein.

51.This claim is against Experian.

**ANSWER:**Experian admits that Count IV purports to be a claim against Experian.

52. Under the Fair Credit Reporting Act, 15 U.S.C. §1681i, Experian is required to conduct a reasonable investigation if a consumer such as plaintiff disputes the accuracy of an item on his credit report.

**ANSWER:**Experian admits that the allegations contained in this paragraph appear to paraphrase a portion of the federal Fair Credit Reporting Act. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of this paragraph inconsistent therewith.

53.Experian willfully or negligently:

  a.Failed to take reasonable measures to investigate plaintiff s dispute;

  b.Failed to correct plaintiff's credit report.

**ANSWER:**Experian denies, generally and specifically, each and every allegation in this paragraph, including all sub-parts of this paragraph.

54.Experian violated 15 U.S.C. §1681n and/or §1681o.

**ANSWER:**The allegations contained in this paragraph state a legal conclusion or argument, and accordingly, are not subject to admission or denial. To the extent that a response is required, Experian denies, generally and specifically, each and every allegation in this paragraph.

55.Plaintiff is entitled to bring suit under 15 U.S.C. §1681p.

**ANSWER:**The allegations contained in this paragraph state a legal conclusion or argument, and accordingly, are not subject to admission or denial. To the extent that a response is required,

Experian is without information sufficient to form a belief as to the truth of the allegations of this paragraph.

## COUNT V
## FCRA CLAIM AGAINST UNITED RESOURCE SYSTEMS, INC.

**ANSWER:** The allegations contained in Paragraphs 56 through 61 of Count V pertain to a party other than Experian and therefore do not require a response from Experian. To the extent that a response is necessary, Experian is without information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 56 through 61 of Count III.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CLAIM)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE

### (IMMUNITY)

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

### THIRD AFFIRMATIVE DEFENSE

### (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### FOURTH AFFIRMATIVE DEFENSE

### (INDEMNIFICATION)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FIFTH AFFIRMATIVE DEFENSE

## (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate his damages.

## SIXTH AFFIRMATIVE DEFENSE

## (LACHES)

The Complaint and each claim for relief therein is barred by laches.

## SEVENTH AFFIRMATIVE DEFENSE

## (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## EIGHTH AFFIRMATIVE DEFENSE

## (ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

## NINTH AFFIRMATIVE DEFENSE

## (STATUTE OF LIMITATIONS)

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

## TENTH AFFIRMATIVE DEFENSE

## (UNCLEAN HANDS)

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

## (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

Dated: February 27, 2008                           Respectfully submitted,

/s/ Katie M. Poleon
Katie M. Poleon (Atty No. 6287107)
JONES DAY
77 West Wacker
Chicago, IL  60601-1692
Telephone:  (312) 782-3939
Facsimile:   (312) 782-8585
E-mail:  kpoleon@jonesday.com

*Counsel for Defendant Experian Information Solutions, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 27, 2008, I electronically filed the foregoing *Experian Information Solutions, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following at their e-mail address on file with the Court:

| | |
|---|---|
| Cathleen M. Combs<br>ccombs@edcombs.com<br>Daniel A. Edelman<br>courtecl@edcombs.com<br>James O. Latturner<br>jlatturner@edcombs.com<br>Rupali Rajendra Shah<br>rshah@edcombs.com<br>Tara Leigh Goodwin<br>tgoodwin@edcombs.com<br><br>*Attorneys for Plaintiff* | Monica L. Thompson<br>monica.thompson@dlapiper.com<br>Sharon Renae Albrecht<br>shari.albrecht@dlapiper.com<br>Albert Edward Hartmann<br>albert.hartmann@dlapiper.com<br><br>*Attorneys for Defendant Trans Union, LLC* |

                                        /s/ Katie M. Poleon_____
                                        Katie M. Poleon

CHI-1633825