IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CYRIL LATONA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action 08 C 764 |
| | ) | |
| UNITED RESOURCE SYSTEMS, INC., | ) | Judge Coar |
| TRANS UNION, LLC; and, EXPERIAN | ) | |
| INFORMATION SOLUTIONS, INC., | ) | Magistrate Judge Valdez |
| Defendants. | ) | |

**DEFENDANT TRANS UNION LLC'S ANSWER AND DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant Trans Union LLC ("Trans Union"), by its attorneys, answers Plaintiff's Complaint and asserts its defenses as follows:

**[I. INTRODUCTION]**

(1)     Plaintiff Cyril Latona brings this action to secure redress from unlawful credit and collection practices engaged in by defendants United Resource Systems, Inc., Trans Union, LLC and Experian Information Solutions, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1681 et seq. ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

**ANSWER: Trans Union admits that Plaintiff brings this action against Trans Union under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Trans Union denies any implication that Trans Union violated any provision of the FCRA and further denies that Trans Union is liable to Plaintiff. To the extent that the averments of this Paragraph do not relate to Trans Union and with respect to any remaining averments, Trans Union is without knowledge or information sufficient to form a belief as to the truth of those averments and therefore denies those averments.**

## [II. VENUE AND JURISDICTION]

(2) This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce) and 1367 (supplemental jurisdiction) and 15 U.S.C. §§ 1681p (FCRA) and 1692k (FDCPA).

**ANSWER:** **Trans Union admits that this Court has jurisdiction over Plaintiff's FCRA claims against Trans Union under 15 U.S.C. § 1681p and 28 U.S.C. § 1331. To the extent that the averments of this Paragraph do not relate to Trans Union and with respect to any remaining averments, Trans Union is without knowledge or information sufficient to form a belief as to the truth of those averments and therefore denies those averments.**

(3) Venue in this District is proper because each defendant is subject to jurisdiction here.

**ANSWER:** **Trans Union admits that venue for Plaintiff's FCRA claims against Trans Union is proper in this District. To the extent that the averments of this Paragraph do not relate to Trans Union and with respect to any remaining averments, Trans Union is without knowledge or information sufficient to form a belief as to the truth of those averments and therefore denies those averments.**

## [III. PARTIES]

(4) Plaintiff Cyril Latona is an individual who resides in the Northern District of Illinois.

**ANSWER:** **Trans Union admits that its file for Plaintiff contains a current address in the Northern District of Illinois. Trans Union is without knowledge or information sufficient to form a belief as to the truth of any remaining averments and therefore denies those averments.**

(5) Defendant United Resource Systems, Inc. ("United") is a corporation with offices at 10075 W. Colfax Ave., Lakewood, CO 80215-3907.

**ANSWER: Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph.**

2

CHGO1\31157573.2

(6)     Defendant United operates a collection agency.

**ANSWER:     On information and belief, Trans Union admits that United is a collection agency.**

(7)     Defendant United is engaged in the business of using the mail and telephone to collect consumer debts originally owed to others.

**ANSWER:     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph.**

(8)     Defendant United is a debt collector as defined in the FDCPA.

**ANSWER:     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph.**

(9)     Defendant United reports debts to credit bureaus for the purpose of facilitating collection of the debts. Credit reporting is "a powerful tool designed, in part, to wrench compliance with payment terms …" Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993). Consumers will often pay a debt, even if the debt is disputed, for the sole purpose of clearing their credit.

**ANSWER:     Trans Union admits that this Paragraph accurately quotes from the cited case. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this Paragraph.**

(10)     Defendant TransUnion, LLC ("Trans Union") is a credit reporting agency with its principal place of business located in Chicago. Its registered agent and office are Prentice Hall Corporation, 33 N. LaSalle St., Chicago, IL 60602.

**ANSWER:     Trans Union admits that it is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f). Trans Union admits that this Paragraph accurately states the addresses of Trans Union's principal place of business and registered agent.**

CHGO1\31157573.2

(11) Defendant Experian Information Solutions, Inc. ("Experian") is a credit reporting agency that does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Chicago, IL 60604.

**ANSWER:** **Trans Union admits that Experian is a consumer reporting agency that does business in Illinois.**

### [IV. FACTS]

(12) In April 2000, plaintiff incurred in Colorado a medical debt to Mercy Air Service for personal, family or household purposes, namely, medical care. The debt was not paid by insurance and plaintiff was unable to pay it personally.

**ANSWER:** **Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph.**

(13) This debt is now:
- a. Barred by the statute of limitations (5 years in Illinois, 6 years in Colorado) and;
- b. Too old to be lawfully reported on plaintiff's credit reports (7 years from chargeoff or 7.5 years from first delinquency).

**ANSWER:** **Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph.**

(14) The FCRA, 15 U.S.C. § 1681c, provides:

Requirements relating to information contained in consumer reports
(a) Information excluded from consumer reports. Except as authorized under subsection (b), no consumer reporting agency may make any consumer report containing any of the following items of information: . . . .
    (4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years.
    (5) any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years. . . .
(c) Running of reporting period.
    (1) In general. The 7-year period referred to in paragraphs (4) and (6) of subsection (a) shall begin, with respect to any delinquent account that is placed for collection (internally or by referral to a third party, whichever is earlier), charged to profit and loss, or subjected to any similar action, upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceeded the collection activity, charge to profit and loss, or similar action.
    (2) Effective date. Paragraph (1) shall apply only to items of information added to the file of a consumer on or after the date that is 455 days after the date of

enactment of the Consumer Credit Reporting Reform Act of 1996 [enacted Sept. 30, 1996] . . .

**ANSWER:     Trans Union admits that this Paragraph accurately quotes the substance of portions of 15 U.S.C. § 1681c, but denies that this Paragraph contains all of the provisions of 15 U.S.C. § 1681c.  Trans Union respectfully refers the Court to the FCRA in its entirety, 15 U.S.C. § 1681 et seq., for a full description of the legal requirements governing consumer reporting agencies.**

(15)    The creditor initially placed the account for collection with Action Collection Agency.

**ANSWER:     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph.**

(16)    Action reported the debt to the credit bureaus with the correct 2000 date.

**ANSWER:  Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph.**

(17)    Accordingly, Experian reported in March 2002 that the account was "scheduled to continue on record until 4-2007."  (Exhibit A)

**ANSWER:     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph.**

(18)    The account was then placed for collection with United.

**ANSWER:  Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph.**

(19)    United altered the chargeoff date by about five years, and reported the false information to Experian and Trans Union.

**ANSWER:     Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph.**

(20) In August 2007, after the expiration of the period for which the debt could be lawfully reported, Experian was still reporting the debt, with the statement that "This account is scheduled to continue on record until Dec. 2012." (Exhibit B)

**ANSWER: Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph.**

(21) In July 2007 plaintiff wrote to Experian complaining of the continued reporting of this obsolete information. (Exhibit C)

**ANSWER: Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph.**

(22) Experian responded on July 13, 2007 (Exhibit D) and stated that "we were not able to use" the information supplied and were "contacting the source of the information you questioned."

**ANSWER: Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph.**

(23) By correspondence of July 28, 2007 (Exhibit E), Experian reported that it had completed such investigation and that the information would remain on plaintiff's report.

**ANSWER: Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph.**

(24) On information and belief, Experian did not check its prior reporting of the same debt, which would have revealed that it was too old to remain on plaintiff's report.

**ANSWER: Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph.**

(25) Plaintiff also found the false information on his Trans Union report (Exhibit F), which has been reporting the debt with the "estimated date that this item will be removed" being Feb. 2013.

**ANSWER: Trans Union admits that, on August 2, 2007, Trans Union's file for Plaintiff included information relating to the account or tradeline UNITED RESOURCE SYSTEMS #*****29N1. Trans Union further admits that the file disclosure that Trans Union sent to Plaintiff on August 2, 2007, stated that the estimated date on which that**

6

**account or tradeline would be removed from Plaintiff's file was February 2013.  Trans Union is without knowledge or information sufficient to form a belief as to the truth of any remaining averments and therefore denies those averments.**

(26)    Plaintiff complained about the information to Trans Union (<u>Exhibit G</u>).

**ANSWER:    Trans Union admits that Exhibit G to Plaintiff's Complaint contains a partially-redacted copy of part of a dispute that Plaintiff sent to Trans Union relating to the account or tradeline UNITED RESOURCE SYSTEMS #*****29N1.  Trans Union further admits that it received this correspondence on July 9, 2007.  Trans Union denies that Exhibit G contains the entire correspondence that Trans Union received from Plaintiff on July 9, 2007.  Trans Union is without knowledge or information sufficient to form a belief as to the truth of any remaining averments and therefore denies those averments.**

(27)    Trans Union similarly responded that "We are unable to accept the documentation you sent" but will contact the furnisher of the information.  (<u>Exhibit H</u>)

**ANSWER:    Trans Union admits that Exhibit H to Plaintiff's Complaint contains a partially-redacted copy of correspondence that Trans Union sent to Plaintiff on or about July 9, 2007.  Trans Union respectfully refers the Court to Exhibit H for the full substance of Trans Union's correspondence to Plaintiff on July 9, 2007.**

(28)    Trans Union, after investigating the dispute, verified the information without change (<u>Exhibit I</u>).

**ANSWER:    Trans Union admits that Exhibit I to Plaintiff's Complaint contains a partially-redacted copy of part of a consumer file disclosure that Trans Union sent to Plaintiff on or about August 2, 2007.  Trans Union denies that Exhibit I contains the entire correspondence that Trans Union sent to Plaintiff on or about August 2, 2007.  Trans Union admits that, after its reinvestigation of Plaintiff's dispute, it did not remove the information**

in its file for Plaintiff regarding the account or tradeline UNITED RESOURCE SYSTEMS #*****29N1.

(29)    On information and belief, Experian and Trans Union did in fact contact United.

**ANSWER:** Trans Union admits that it conducted a reinvestigation concerning the account or tradeline UNITED RESOURCE SYSTEMS #*****29N1 and that it contacted United by automated consumer dispute verification form ("ACDV") on July 10, 2007. To the extent that the averments of this Paragraph do not relate to Trans Union and with respect to any remaining averments, Trans Union is without knowledge or information sufficient to form a belief as to the truth of those averments and therefore denies those averments.

(30)    On information and belief, United willfully or negligently responded to the inquiries of Experian and Trans Union with false information about the date of the debt.

**ANSWER:** Trans Union admits that United responded to Trans Union's ACDV on August 1, 2007, by confirming the accuracy the information in Trans Union's file for Plaintiff regarding the account or tradeline FIRST RESOLUTION INVESTM #278362. To the extent that the averments of this Paragraph do not relate to Trans Union and with respect to any remaining averments, Trans Union is without knowledge or information sufficient to form a belief as to the truth of those averments and therefore denies those averments.

(31)    Plaintiff was damaged by the false credit reporting and the false responses to the credit bureaus.

**ANSWER:** Trans Union denies any implication that Trans Union violated any provision of the FCRA and further denies that Trans Union is liable to Plaintiff. To the extent that the averments of this Paragraph do not relate to Trans Union and with respect to any remaining averments, Trans Union is without knowledge or information sufficient to form a belief as to the truth of those averments and therefore denies those averments.

(32)   The false reporting continued into 2008.

**ANSWER:   Trans Union denies any implication that Trans Union violated any provision of the FCRA and further denies that Trans Union is liable to Plaintiff. To the extent that the averments of this Paragraph do not relate to Trans Union and with respect to any remaining averments, Trans Union is without knowledge or information sufficient to form a belief as to the truth of those averments and therefore denies those averments.**

### [COUNT I – FDCPA]

(33)   Plaintiff incorporates paragraphs 1-31.

**ANSWER:   Trans Union restates, as its answer to this Paragraph, its answers to each and every averment of Paragraphs 1-31 of Plaintiff's Complaint.**

(34)   This claim is against United.

**ANSWER:   Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph, which are not directed against Trans Union.**

(35)   Defendant United violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), and 1692e(10) with respect to plaintiff by misrepresenting the date of the debt at issue to TransUnion and Experian.
   A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section. …
      (2)   The false representation of –
         (A)   the character, amount, or legal status of any debt; …
      (8)   Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .
      (10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**ANSWER:   Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph, which are not directed against Trans Union.**

CHGO1\31157573.2

**[COUNT II – ILLINOIS COLLECTION AGENCY ACT]**

(36)   Plaintiff incorporates paragraphs 1-31.

**ANSWER:**   **Trans Union restates, as its answer to this Paragraph, its answers to each and every averment of Paragraphs 1-31 of Plaintiff's Complaint.**

(37)   This claim is against United.

**ANSWER:**   **Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph, which are not directed against Trans Union.**

(38)   Defendant United is a collection agency as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

**ANSWER:**   **Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph, which are not directed against Trans Union.**

(39)   Defendant United violated the following provisions of 225 ILCS 425/9:
. . . (13)  Disclosing or threatening to disclose information adversely affecting a debtor's reputation for credit worthiness with knowledge the information is false.
. . . (17)  Disclosing or threatening to disclose information relating to a debtor's indebtedness to any other person except where such other person has a legitimate business need for the information or except where such disclosure is regulated by law.
. . . (20)  Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.

**ANSWER:**   **Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph, which are not directed against Trans Union.**

(40)   Plaintiff was damaged as a result.

**ANSWER:**   **Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph, which are not directed against Trans Union.**

10

(41)   United's actions were malicious.

**ANSWER:   Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph, which are not directed against Trans Union.**

### [COUNT III --- FCRA CLAIM AGAINST TRANS UNION]

(42)   Plaintiff incorporates ¶¶ 1-31.

**ANSWER:   Trans Union restates, as its answer to this Paragraph, its answers to each and every averment of Paragraphs 1-31 of Plaintiff's Complaint.**

(43)   This claim is against Trans Union.

**ANSWER:   Trans Union admits that Plaintiff purports to allege an claim against Trans Union.  Trans Union denies any implication that Trans Union violated any provision of the FCRA and further denies that Trans Union is liable to Plaintiff.**

(44)   Under the Fair Credit Reporting Act, 15 U.S.C. § 1681i, Trans Union is required to conduct a reasonable investigation if a consumer such as plaintiff disputes the accuracy of an item on his credit report.  Section 1681i provides:
   §1681i.  Procedure in case of disputed accuracy
   (a) Reinvestigations of disputed information.
      (1) Reinvestigation required.
         (A) In general.  If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.
         (B) Extension of period to reinvestigate.  Except as provided in subparagraph (C), the 30-day period described in subparagraph (A) may be extended for not more than 15 additional days if the consumer reporting agency receives information from the consumer during that 30-day period that is relevant to the reinvestigation.
         (C) Limitations on extension of period to reinvestigate.  Subparagraph (B)shall not apply to any reinvestigation in which, during the 30-day period described in subparagraph (A), the information that is the subject of the reinvestigation is found to be inaccurate or incomplete or the consumer reporting agency determines that the information cannot be verified.
      (2) Prompt notice of dispute to furnisher of information.

11

    (A) In general. Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer.
    (B) Provision of other information from consumer. The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A).
. . .
  (4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.
  (5) Treatment of inaccurate or unverifiable information.
    (A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. . . .

**ANSWER:**  **Trans Union denies that this Paragraph accurately quotes 15 U.S.C. § 1681i.**

 (45) Trans Union willfully or negligently:
  a. Failed to take reasonable measures to investigate plaintiff's dispute;
  b. Failed to correct plaintiff's credit report.

**ANSWER:**  **Trans Union denies the averments of this Paragraph.**

 (46) TransUnion violated 15 U.S.C. §1681n and/or §1681o.

**ANSWER:**  **Trans Union denies the averments of this Paragraph.**

 (47) Section 1681n provides:
§1681n. Civil liability for willful noncompliance
(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of-
  (1)
    (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or

12

(2)  such amount of punitive damages as the court may allow; and
(3)  in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .

**ANSWER:     Trans Union admits that this Paragraph accurately quotes the substance of portions of 15 U.S.C. § 1681n, but denies that this Paragraph contains all of the provisions of 15 U.S.C. § 1681n.  Trans Union respectfully refers the Court to the FCRA in its entirety, 15 U.S.C. § 1681 et seq., for a full description of the legal requirements governing consumer reporting agencies.**

(48)   Section 1681o provides:
§1681o.  Civil liability for negligent noncompliance
(a)  In general.  Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of-
(1)  any actual damages sustained by the consumer as a result of the failure;
(2)  in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

**ANSWER:     Trans Union admits that this Paragraph accurately quotes the substance of portions of 15 U.S.C. § 1681o, but denies that this Paragraph contains all of the provisions of 15 U.S.C. § 1681o.  Trans Union respectfully refers the Court to the FCRA in its entirety, 15 U.S.C. § 1681 et seq., for a full description of the legal requirements governing consumer reporting agencies.**

(49)   Section 1681p provides:
§1681p.  Jurisdiction of courts; limitation of actions
An action to enforce any liability created under this title [15 USCS §§ 1681 et seq.] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of –
(1)  2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
(2)  5 years after the date on which the violation that is the basis for such liability occurs.

**ANSWER:     Trans Union admits that this Paragraph accurately quotes 15 U.S.C. § 1681p.**

### [COUNT IV – FCRA CLAIM AGAINST EXPERIAN]

(50)  Plaintiff incorporates ¶¶ 1-31.

**ANSWER:  Trans Union restates, as its answer to this Paragraph, its answers to each and every averment of Paragraphs 1-31 of Plaintiff's Complaint.**

(51)  This claim is against Experian.

**ANSWER:  Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph, which are not directed against Trans Union.**

(52)  Under the Fair Credit Reporting Act, 15 U.S.C. §1681i, Experian is required to conduct a reasonable investigation if a consumer such as plaintiff disputes the accuracy of an item on his credit report.

**ANSWER:  Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph, which are not directed against Trans Union.**

(53)  Experian willfully or negligently:
   a.  Failed to take reasonable measures to investigate plaintiff's dispute;
   b.  Failed to correct plaintiff's credit report.

**ANSWER:  Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph, which are not directed against Trans Union.**

(54)  Experian violated 15 U.S.C. §1681n and/or §1681o.

**ANSWER:  Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph, which are not directed against Trans Union.**

(55) Plaintiff is entitled to bring suit under 15 U.S.C. §1681p.

**ANSWER:  Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph, which are not directed against Trans Union.**

### [COUNT V – FCRA CLAIM AGAINST UNITED]

(56) Plaintiff incorporates ¶¶ 1-31.

**ANSWER:  Trans Union restates, as its answer to this Paragraph, its answers to each and every averment of Paragraphs 1-31 of Plaintiff's Complaint.**

(57) This claim is against United.

**ANSWER:  Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph, which are not directed against Trans Union.**

(58) United violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by providing false information to Experian and Trans Union when they contacted United to investigate Plaintiff's complaints.

**ANSWER:  Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph, which are not directed against Trans Union.**

(59) Section 1681s-2(b) provides:
(b) Duties of furnishers of information upon notice of dispute.
   (1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
      (A) conduct an investigation with respect to the disputed information;
      (B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];
      (C) report the results of the investigation to the consumer reporting agency; and
      (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to

15

>which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.
>(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USC §1681(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.

**ANSWER:** **Trans Union denies that this Paragraph accurately quotes 15 U.S.C. § 1681s-2.**

(60)    United committed such violations willfully or negligently, thereby violating 15 U.S.C. §1681n and/or §1681o.

**ANSWER:** **Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph, which are not directed against Trans Union.**

(61)    Plaintiff is entitled to bring suit under 15 U.S.C. §1681p.

**ANSWER:** **Trans Union is without knowledge or information sufficient to form a belief as to the truth of the averments of this Paragraph, which are not directed against Trans Union.**

## DEFENDANT TRANS UNION LLC'S DEFENSES

### FIRST DEFENSE

At all times relevant to Plaintiff's Complaint, Trans Union followed reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

### SECOND DEFENSE

Trans Union reasonably and completely reinvestigated and reverified all information disputed by Plaintiff in compliance with the FCRA, 15 U.S.C. § 1681i.

16

**THIRD DEFENSE**

Any purported damages to Plaintiff, which Trans Union continues to deny, are results of the acts or omissions of entities over whom Trans Union has neither control nor responsibility.

**FOURTH DEFENSE**

Some or all of Plaintiff's claims may be barred because Plaintiff failed to mitigate any claimed damages.

**FIFTH DEFENSE**

Trans Union reserves the right to raise additional defenses to which it may be entitled which may be developed during the course of discovery.

**WHEREFORE,** Defendant Trans Union LLC respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit including reasonable attorneys' fees, and order such other and different relief as the Court deems just.

Date:  March 28, 2008                    Respectfully submitted,

                                         **TRANS UNION LLC**


                                         By:    /s/ Sharon R. Albrecht
                                                One of Its Attorneys

Monica L. Thompson (ARDC #06181455)
Albert E. Hartmann (ARDC #06256064)
Sharon R. Albrecht (ARDC #06288927)
**DLA PIPER US LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601
312-368-4000

## **CERTIFICATE OF SERVICE**

      I, Sharon R. Albrecht, an attorney, depose and state that on March 28, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve electronic notice to all counsel of record.

                                                          /s/ Sharon R. Albrecht
                                                          Sharon R. Albrecht

CHGO1\31157573.2